IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HARRY FORD,

        Petitioner,

      v.                                       Civ. No. 04-1420 JH/WPL

GEORGE TAPIA, Warden, and
PATRICIA MADRID, Attorney
General,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Harry Ford pleaded guilty to driving under the influence of intoxicating liquor or drugs and driving while license is suspended or revoked.  [Doc. 10 Ex. A at 1]  He was sentenced to four years less one day.  *Id.* at 3.  After unsuccessfully pursuing a direct appeal and state habeas relief, he filed a timely *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  [Doc. 1]

This matter is before me on Ford's petition, Respondents' answer and motion to dismiss, Ford's response to the motion to dismiss, several motions by Ford, and the state court record.  For the reasons that follow, I recommend that Ford's Petition be denied.

## PROPOSED FINDINGS

### FACTUAL AND PROCEDURAL BACKGROUND

Ford was arrested on October 11, 2003, for driving under the influence of intoxicating liquor or drugs, lack of insurance, failing to stay within a single lane, and driving while license is suspended or revoked.  [Record Proper (RP) 23]

On January 5, 2004, Ford pleaded guilty to driving under the influence of intoxicating liquor or drugs and driving while license is suspended or revoked pursuant to a plea agreement with the prosecution.  [RP 46]  The court found that this DWI conviction was at least Ford's seventh.  *Id.* On February 2, 2004, Ford was sentenced to three years for driving under the influence and 364 days for driving with a suspended license.  *Id.* at 46-48.

Ford filed a motion to amend judgment and sentence, claiming that he did not receive effective assistance of counsel and that there were "extenuat[ing] circumstances" surrounding his admission of guilt.  [Doc. 10 Ex. C]  The state district court denied the motion.  [Doc. 10 Ex. D]

Ford then filed a petition for writ of habeas corpus in state district court.  [Doc. 10 Ex. E] He first argued that he was denied due process because (1) his counsel did not inform him about appealing his conviction, (2) his counsel was ineffective by failing to communicate with him and ensure that the plea agreement process was proper, and (3) he did not sign or accept the terms of the plea agreement.  *Id.* at 2-3.  He also claimed that he was denied equal protection since the period of incarceration was ambiguous, the court failed to ensure that he understood his rights, and his counsel coerced him at sentencing.  *Id.* at 3.  The district court denied the writ.  [Doc. 10 Ex. F]  Ford filed an appeal with the New Mexico Court of Appeals.  In his docketing statement, he reiterated the arguments presented in his habeas petition.  [Doc. 10 Ex. H]  The court of appeals transferred the file to the New Mexico Supreme Court [Doc. 10 Ex. I], which denied the petition for writ of certiorari [Doc. 10 Ex. J].

Ford then filed an application for habeas corpus in federal court.  [Doc. 1].  The State filed an answer [Doc. 10] and a motion to dismiss [Doc. 15].  Ford filed a response to the motion to dismiss.  [Doc. 21]  He also filed a motion to compel a response to his petition [Doc. 22] and an

accompanying memorandum [Doc. 23], as well as a motion to vacate an illegal sentence [Doc. 27]

## EXHAUSTION AND PROCEDURAL DEFAULT

Respondents' answer does not raise any procedural defenses and states, "Petitioner has exhausted his issues by bringing them before the highest state court." [Doc. 10]  Respondents thus waived the defenses of exhaustion and procedural default. *See* 28 U.S.C.A. § 2254(b)(3) (providing that exhaustion is waived if the state, "through counsel, expressly waives the requirement"); *Gonzales v. McKune*, 279 F.3d 922, 926 & n.8 (10th Cir. 2002) (holding that the express waiver requirement was satisfied where the respondent's answer "'admit[ted] that petitioner has properly exhausted the issues now presented to this Court'"); *Hooks v. Ward*, 184 F.3d 1206, 1216 (10th Cir. 1999) (stating that procedural default is an affirmative defense that may be waived).

Despite Respondents' waiver, I note that some of the issues in Ford's petition were either not presented to the state courts or were not presented in the same posture in which they are presented here.  A federal habeas petitioner must give the state courts a fair opportunity to act on his claims to satisfy the exhaustion requirement.  28 U.S.C.A. § 2254(c); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  It is not sufficient to meet this standard that "a somewhat similar state-law claim was made" or that the facts necessary for the federal claim were before the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *see also Hawkins v. Mullin*, 291 F.3d 658, 664 (10th Cir. 2002) (to provide the state courts with the initial opportunity to address a claim, the petitioner must present the "essential substance" of the claim to the state court); *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) (petitioner failed to exhaust state remedies where he "based [his state ineffective assistance of counsel claims] on different reasons than those expressed in his habeas petition"); *Woodberry v. Hannigan*, 37 Fed. Appx. 404, 405 (10th Cir. 2002) ("it is of no significance that

[petitioner] explained the facts underlying" his federal claims to the state courts where he failed to present these claims to the state courts); *Doctor v. Walters*, 96 F.3d 675, 680 (3d Cir. 1996) ("mere invocation of a legal principle is insufficient to apprise the state courts of the facts and legal theories [petitioner] now asserts").  To give the state courts a fair opportunity to act on the claims, the petitioner must invoke one complete round of the state's appellate review process.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although both exhaustion and procedural default may be invoked *sua sponte*, *see Gonzales*, 279 F.3d at 926, and *Hardiman v. Reynolds*, 971 F.2d 500, 503-05 (10th Cir. 1992), I decline to do so here because invocation of the doctrines would delay these proceedings and because Ford's issues are easily resolvable on the merits.  *See* 28 U.S.C.A. § 2254(b)(2) (providing that a federal habeas court may deny a claim on the merits, notwithstanding the failure to exhaust state remedies); *see also Tisthammer v. Williams*, 49 Fed. Appx. 757, 764-65 & n.4 (10th Cir. 2002) (addressing the merits of an unexhausted, procedurally barred claim because it would be necessary to request supplemental briefing if the court invoked the procedural issues *sua sponte* and because the claim could be easily resolved on the merits); *Hardiman*, 971 F.2d at 505 (requiring courts to give notice and an opportunity to respond before denying relief *sua sponte* on the basis of procedural default).

### STANDARDS OF REVIEW

A district court has jurisdiction to grant a writ of habeas corpus on behalf of a person in state custody if the custody is in violation of federal law.  *See* 28 U.S.C.A. § 2254(a).  The Antiterrorism and Effective Death Penalty Act (AEDPA) modified the role that federal habeas courts play in reviewing state convictions.  *Bell v. Cone*, 535 U.S. 685, 693 (2002). Congress enacted AEDPA to prevent federal habeas "retrials" and to ensure that state convictions are given effect to the fullest

4

extent possible.  *See id.*  To those ends, AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

Under the "contrary to" clause of section 2254(d)(1), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A decision is not "contrary to" simply because the state court did not cite Supreme Court opinions.  *See Early v. Packer*, 537 U.S. 3, 8 (2002).  The state court need not even be aware of the relevant Supreme Court cases, as long as neither its reasoning nor its result contradicts them.  *Id.*

Under the "unreasonable application clause," "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Williams*, 529 U.S. at 413. The focus of this inquiry is whether the state court's application of clearly established federal law is "objectively unreasonable," and "objectively unreasonable" is not synonymous with "incorrect."  *Bell*, 535 U.S. at 694.

Under section 2254(d)(2), a decision is based on an unreasonable determination of the facts if it is shown by clear and convincing evidence that the factual finding is erroneous.  *Wiggins v. Smith*,

539 U.S. 510, 521 (2003); *see also* 28 U.S.C.A. § 2254(e)(1) (requiring federal habeas court to presume that state court's determination of factual issues is correct unless the petitioner rebuts the presumption by clear and convincing evidence).

USE OF PRIOR CONVICTIONS IN SENTENCING

Most of Ford's claims are based on his contention that the district court improperly used four of his prior DWI convictions when sentencing him. Ford appears to argue that the New Mexico Habitual Offender Statute, as amended, and the New Mexico Court of Appeals' decision in *State v. Shay* prohibited the court from considering four of his prior convictions because they were more than 10 years old. [Doc. 1 at 6, 6A-B]. *See* N.M STAT. ANN. § 31-18-17; *State v. Shay*, 94 P.3d 8 (N.M. Ct. App. 2004).

Respondents argue that Ford's claim is not cognizable in a federal habeas corpus action because the use of prior convictions in sentencing is solely a question of state law. [Doc. 16 at 3] It is true that federal habeas courts will not review issues of purely state law. *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004). However, a habeas petitioner is entitled to habeas relief if he can demonstrate that a state court error deprived him of a fundamental right guaranteed by the Constitution. *Brinlee v. Crisp*, 608 F.2d 839, 843 (10th Cir. 1979); *see Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000) ("We afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law."). Ford, however, did not claim that the state court's action violated any of his federal constitutional rights. *See Burleson v. Saffle*, 278 F.3d 1136, 1140 n.4 (10th Cir. 2002). Nevertheless, I will address Ford's claim because resolution of several of his other claims depends on resolving this claim.

Ford was convicted and sentenced under § 66-8-102 of the New Mexico Statutes, which prohibits driving while intoxicated. [Doc. 10 Ex. A at 1] The Habitual Offender Statute designates sentence enhancements based on a defendant's prior felony convictions. N.M. STAT. ANN. § 31-18-17. "Prior felony conviction" generally means "a conviction, when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior felony, whichever is later, for a prior felony committed within New Mexico." *Id.* § 31-18-17(D)(1). However, the statute states that "prior felony conviction" does "not includ[e] a conviction for a felony pursuant to the provisions of Section 66-8-102 NMSA," the statute under which Ford was convicted. *Id.*; *State v. Shay*, 94 P.3d 8, 10 (N.M. Ct. App. 2004). The Habitual Offender Statute is not applicable to habitual DWI offenses, and the state trial court properly sentenced Ford based on all of his known prior DWI convictions.

INEFFECTIVE ASSISTANCE OF COUNSEL

Ford argues that he received ineffective assistance of counsel. [Doc. 1 at 6A, 9B-C] Respondents argue that this claim is not cognizable in habeas as it is dependent upon and requires a determination of state law. [Doc. 16 at 3] To be sure, federal habeas courts will not review issues of purely state law. *Dockins*, 374 F.3d at 940. However, state court errors are cognizable in habeas actions if the petitioner can show that they deprive him of fundamental constitutional rights. *Brinlee*, 608 F.2d at 843. Errors raised to support a claim of ineffective assistance may assert state law violations. *Jones v. Stotts*, 59 F.3d 143, 145 n.2 (10th Cir. 1995). Ford may allege violations of his Sixth Amendment right to effective assistance of counsel based on errors in his sentencing.

To establish ineffective assistance of counsel, a habeas petitioner must satisfy a two-part test. First, he must show that counsel's performance fell below an objective standard of reasonableness.

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential; thus, the petitioner must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689. Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When a petitioner alleges that he pleaded guilty because of ineffective assistance by his attorney, the test for prejudice is whether he can show that he would not have pleaded guilty had his attorney rendered constitutionally adequate assistance. *Miller v. Champion*, 262 F.3d 1066, 1068 (10th Cir. 2001). The petitioner is not required to show that he would have prevailed at trial, but this question should be considered in determining whether the petitioner would have proceeded to trial had he not received ineffective assistance. *Id.* at 1069.

I liberally construe Ford's contentions to assert that his attorneys were ineffective in two ways. Ford's first contention appears to be that his attorneys were ineffective by not noticing that the sentence imposed on Ford for driving under the influence was erroneous. [Doc. 1 at 6A, 9B-C] As noted above, Ford's sentence was proper. Therefore, Ford's contention lacks merit. Ford's second contention appears to be that his plea was not knowing and voluntary because his attorneys did not properly advise him. *Id.* at 9C. He states that "with three different attorneys who was going to decide what I would plead to." *Id.* However, his contentions are unsupported by factual allegations and are wholly conclusory. While courts must liberally construe a *pro se* petition, they are not required to fasion arguments for the petitioner where his allegations are merely conclusory and lack supporting factual averments. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Ford has failed to show that the state courts' adjudication was contrary to or an unreasonable

application of clearly established federal law.

## PROSECUTORIAL MISCONDUCT

Ford claims that the prosecutor committed misconduct based on (1) knowing use of false testimony, (2) failure to disclose material, exculpatory evidence, (3) failure to preserve evidence/ mishandling evidence, (4) withholding discovery, (5) deliberately eliciting prejudicial material, (6) misconduct in closing argument, and (7) the cumulative effect of prosecutorial misconduct. [Doc. 1 at 7A-E]

Respondents argue that this issue is not cognizable in federal habeas corpus as it is dependent upon and requires a determination of state law. [Doc. 16 at 3]  Federal courts address habeas claims of denial of federal constitutional due process alleging prosecutorial misconduct even when those claims implicate state law.  *See, e.g.*, *Duckett v. Mullin*, 306 F.3d 982, 990-91 (10th Cir. 2002) (concluding that prosecutor's comments did not render petitioner's state trial fundamentally unfair even assuming that they were improper under Oklahoma law).  I will therefore address Ford's allegations of prosecutorial misconduct.  Even if the conduct Ford complains of could constitute a denial of due process, he has failed to show that the conduct was improper.

All of Ford's allegations of misconduct depend on his contention that four of his prior DWI convictions were barred from consideration by the Habitual Offender Statute.  For example, the "false testimony" and "prejudicial material" he complains of are the four prior convictions that were properly used in sentencing.  [Doc. 1 at 7B, 7D-E]  Since all of his claims of misconduct depend on his erroneous contention that four of his prior convictions could not be used in sentencing, Ford has failed to show prosecutorial isconduct and his claims are without merit.

9

## EX POST FACTO

Ford argues for the first time in his response to the motion to dismiss that the statute under which he was convicted is an ex post facto law.  [Doc. 21]  He also filed a "Motion to Vacate an Illegal Sentence" elaborating upon this contention.  [Doc. 27]  Ford has raised this argument too late to amend his petition.  *See Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001).  In any event, Ford's contention lacks merit.

For a law to violate the Ex Post Facto Clause, it "must apply to events occurring before its enactment and must disadvantage the offender affected by it."  *United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003)  (citing *United States v. Heredia-Cruz*, 328 F.3d 1283, 1290 (10th Cir. 2003)).  "[I]t has been settled law for more than half a century that there is no ex post facto problem in using a prior conviction to enhance a sentence, so long as the offense for which the sentence is being imposed was committed after the effective date of the statutory provision setting forth the conditions for enhancement."  *Id.* (citing *Gryger v. Burke*, 334 U.S. 728, 732 (1948)).  The effective date of the statutory provision setting forth the conditions for enhancement was ultimately decided by the New Mexico Supreme Court to be March 28, 2003.[1]   Ford's offense was committed after that date and therefore the use of his convictions prior to 1994 does not violate the Ex Post Facto Clause.

## RECOMMENDED DISPOSITION

---

[1] On March 28, 2003, the governor signed into law a bill which increased the penalties for those who have committed four or more felony DWI offenses. *State v. Smith*, 98 P.3d 1022, 1024 (N.M. 2004); *see* HB 117, 2003 Leg., 46th Sess. (N.M. 2003), 2003 N.M. Laws, ch. 90, § 3. This bill immediately went into effect through its emergency clause.  *See Smith*, 98 P.3d at 1024.   On April 5, 2003, the governor signed a bill which restated the language regarding DWI penalties from the pre-HB 117 statute. *Id.*; *see* HB 278, 2003 Leg., 46th Sess. (N.M. 2003), 2003 N.M. Laws, ch. 164, § 10.  This statute went into effect on July 1, 2003.  *Smith*, 98 P.3d at 1024.

The New Mexico Court of Appeals held that HB 278 applied if a defendant is sentenced after July 1, 2003, relying on the plain language of the statute.  *Id.* at 1025. However, the Supreme Court of New Mexico reversed, reasoning that the two provisions did not conflict and that there was clear legislative intent to increase the penalties for repeat DWI offenses.  *Id.* at 1026-29.  Therefore, the effective date of the law providing for the enhancements is March 28, 2003.  *See id.* at 1024, 1029.

For the reasons stated herein, I recommend that:

(1) the Motion to Dismiss Petition for Writ of Habeas Corpus with Prejudice [Doc. 15] be

GRANTED,

(2) the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person

in State Custody [Doc. 1] be DENIED,

(3) the Motion to Compel Response to Federal Habeas Corpus [Doc. 22] be DENIED, and

(4) the Motion to Vacate an Illegal Sentence [Doc. 27] be DENIED.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

William P. Lynch

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

11